**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**OAKLEY, INC. and EYE SAFETY SYSTEMS, INC.,**

      **Plaintiffs,**

v.                                                      **Case No: 6:24-cv-145-PGB-RMN**

**GALAXY LENSES, LLC,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Strike Answer of Defendant Galaxy Lenses, LLC. (Doc. 23 (the "**Motion**")). Upon consideration, the Motion is due to be granted.

**I.   BACKGROUND**

The relevant procedural history is brief. Plaintiffs initiated this action on January 23, 2024, asserting various causes of action against Kenny Jiang and Defendant Galaxy Lenses, LLC. (Doc. 1). Shortly thereafter, the parties notified the Court that a settlement had been reached, although contingent upon the occurrence of certain conditions. (Doc. 9). As such, the Court administratively closed the file. (Doc. 10).

Ultimately, Plaintiffs filed a Notice of Voluntary Dismissal as to then-defendant Kenny Jiang (Doc. 12) and moved to reopen the case only as to Defendant Galaxy Lenses, LLC (Doc. 13). The Court granted Plaintiffs' Motion to

Reopen the Case as to Defendant Galaxy Lenses, LLC. (Doc. 18). Further, the Court ordered Defendant Galaxy Lenses, LLC to "file its responsive pleading within twenty-one (21) days." (*Id.*). On April 15, 2024, the deadline to file its responsive pleading, Defendant Galaxy Lenses, LLC filed its Answer and Affirmative Defenses—signed by Kenny Jiang and Defendant Galaxy Lenses, LLC as "self-represented." (Doc. 22 (the "**Answer**")). Plaintiffs now move to strike the Answer. (Doc. 23).

## II.   DISCUSSION

In the instant Motion, Plaintiffs request the Court strike the Answer because "it is not signed by an attorney" and Defendant Galaxy Lenses, LLC is otherwise purporting to represent itself. (Doc 23).

As Plaintiffs correctly point out, "[a] limited liability company may not represent itself but must be represented by counsel." *E.g.*, *Joe Hand Promotions, Inc. v. Guevara*, No. 8:19-CV-650-36AAS, 2019 WL 3754573, at *2 (M.D. Fla. July 23, 2019), *report and recommendation adopted*, 2019 WL 3752809 (M.D. Fla. Aug. 8, 2019) (striking the defendant's answer); *Fowler v. Elegant Auto Fin. LLC*, No. 8:19-cv-00903-T-30SPF, 2019 WL 2497591, at *1 (M.D. Fla. June 14, 2019) ("A limited liability company, as is the case with a corporation, 'may appear and be heard only through counsel admitted to practice in the Court.'" (quotation omitted)); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Moreover, as

required by the Local Rules, "[a] party, other than a natural person, can appear through the lawyer only." Local Rule 2.02(b)(2).

Simply put, Defendant Galaxy Lenses, LLC is a limited liability company and thus, not a natural person. As such, Defendant Galaxy Lenses, LLC must be represented by counsel. And, to the extent Kenny Jiang signed the Answer, Kenny Jiang does not appear to be an attorney licensed to practice in the Middle District of Florida.

### III.  CONCLUSION

Accordingly, the Motion to Strike (Doc. 23) is **GRANTED**. Defendant's Answer (Doc. 22) is hereby **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on April 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties